BANKERS' & MERCHANTS' TEL. CO. OF INDIANA *v.* BANKERS' & MERCHANTS' TEL. CO. OF NEW YORK.

*(Circuit Court, D. Indiana.* April 24, 1886.)

1. TELEGRAPH COMPANIES—CONTRACT TO PUT UP WIRES—COMMON-LAW LIEN.

One who, under contract with a telegraph company, has strung wires upon the poles of the company, cannot, without an agreement to that effect, retain possession and assert a lien by turning the ends of the wires into the ground.

2. SAME—LIEN FOR LABOR—REV. ST. IND. 1881, § 5286.

A contractor who is employed by a telegraph company to put on arms and insulators, and string wires on poles, the material to be furnished by the company, at a designated rate per mile, is not an employe within the meaning of Rev. St. Ind. 1881, § 5286, and entitled to a lien for the work so done.

In Chancery. Exceptions to master's report on intervening petition of James E. Vane.

WOODS, J. The two questions presented for decision are stated by the master as follows:

"(1) Mr. Vane, the petitioner, was employed by the telegraph company to put on arms and insulators, and to string six additional wires, (the company having already four wires in use,) on the poles of the company from Freeport junction, Ohio, to Lake Station, Indiana, a distance of 248 miles, for $45 per mile. The company agreed to furnish and deliver to Vane, at the nearest accessible railway stations, all the necessary material for the work. Vane was to do or furnish the labor necessary to string the wires, etc. He did the work, hiring men for the purpose and assisting in person."

The master is of the opinion that in doing this work Mr. Vane was an employe of the company within the meaning of section 5286 of the Revised Statutes of Indiana of 1881.

"(2) Vane also asserts a right to a common-law lien based upon the following facts, which are not controverted: The contract with Vane was made in June, 1884. November 12, 1884, the work was practically done, but the connections were not made. Mr. Vane kept possession of the wires by refusing to allow connections to be made, and turned the ends of the wires down into the ground. He retained such possession until November 20, 1884, when he delivered possession to the receiver, with an agreement that such delivery was not to impair any rights or lien he might then have by virtue of such possession. He had such possession when the order allowing the issue of receiver's certificates was made, and also when the certificates were issued, November 11, 1884. I report and find that, by perfecting his claim for a lien under the statute, Mr. Vane waived the right, if he had any, to assert his common-law lien."

In the opinion of the court, the petitioner had no lien at common law or in equity, and was not an employe of the telegraph company within the meaning of the statute referred to by the master. That statute provides that "the employes of any corporation doing business in this state shall be entitled to have and hold a first and senior lien upon the corporate property, and the earnings thereof, for all work and labor done by such employes for such corporation." To be entitled to the benefits of this statute, and others of like character since

enacted, I think it clear that the employe must have been a servant, bound in some degree at least to the duties of a servant, and not, like the petitioner, a mere contractor, bound only to produce or cause to be produced a certain result,— a result of labor, to be sure,—but free to dispose of his own time and personal efforts according to his pleasure, without responsibility to the other party.

In respect to the sums found due the petitioner, the report is confirmed, but to the allowance of a lien exceptions sustained. *Ordered accordingly.*